IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LIZA FAWN GOOCH, | : | |
| Plaintiff, | : | Case No. 3:06CV153 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| JUVENILE DIVISION, GREENE COUNTY, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

I. **INTRODUCTION AND
PLAINTIFF'S COMPLAINT**

Plaintiff Liza Fawn Gooch, a resident of Dayton, Ohio, brings this case *pro se*. Gooch's Complaint names as Defendants the Juvenile Division of the Greene County (Court of Common Pleas, presumably); Hope Mitchell of the Juvenile Division of Greene County; Children Services of Greene County; and numerous individual including, but not limited to, Judges Cynthia Thomson and Robert W. Hutcheson, as well as eight police officers.

On May 22, 2006, the Court granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Plaintiff states the following in her Complaint:

> The bottom line is here your Honor, I have been <u>railroaded</u> by the system of Greene County and this can be <u>proven</u>, they <u>hate</u> me with a passion as a person and they all don't want me to have my daughter and be the mother that I was called to be.  Through their lies, I should state (false statements), deceptions, and evil doings they have tried to take me to the ground now this is going to turn around because <u>all</u> darkness will come to light.  It is either <u>right</u> or <u>wrong</u>!!!  And I'm right.  I'm asking first and most for my daughter ... [name omitted] to be returned to me plus through all the anguish and all the troubles these people have caused me 20 million dollars!!?

(Doc. #2 at 5)(underlines in original).  Plaintiff also implores, "Get it straight. *I'm not <u>Crazy</u>!" *Id*.

Plaintiff attached to her Complaint several grievances she filed with the Ohio Supreme Court.  She alleged in one grievance that Judge Cynthia Thomson violated her civil rights by giving full custody of her daughter to Hope Mitchell.  Plaintiff alleged that Mitchell is an "abuser" and is abusing Plaintiff's daughter, physically, emotionally, verbally.  (Doc. #2)(grievance attached).

## II.    APPLICABLE STANDARDS

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious.

2

*Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(I), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court. 28 U.S.C. §1915(e)(2)(B)(ii-iii).

**III.  ANALYSIS**

Accepting Plaintiff's allegations as true and construing her Complaint liberally in her favor reveals that her claims are frivolous or that her Complaint fails to state a claim upon which relief can be granted.

To the extent Plaintiff seeks to raise federal constitutional claims, she must proceed under 42 U.S.C. §1983. To state a claim for relief under §1983, Plaintiff's Complaint must allege facts, when accepted as true, sufficient to demonstrate: (1) the defendant is a "person" within the meaning of §1983; (2) the defendant denied her a right guaranteed by the United States Constitution; and (2) that the defendant did so under color of state law. *See Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

The Juvenile Division of the Greene County Court of Common Pleas is not a "person" under §1983 and is therefore not subject to liability under this statute. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).

The Defendant state judges are shielded by absolute immunity because Plaintiff's Complaint and attached Exhibits reveal that she seeks to challenge the judicial decision(s) concerning the custody of her daughter. Such paradigmatic judicial decisions or acts of actual adjudication trigger absolute judicial immunity. *See Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).

In addition, Plaintiff's challenge to the state courts' decision are precluded under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine ... stands for the proposition that a party aggrieved by a state-court decision, cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)(citations omitted). The *Rooker-Feldman* doctrine bars two categories of cases:

> First, when the federal courts are asked to 'engage in appellate review of state court proceedings,' the doctrine necessarily applies... In determining whether a plaintiff asks for appellate review, [the lower federal courts] look to the relief sought ... or asks the question whether the plaintiff alleges 'that the state court's judgment actively caused him injury [rather than] merely failing to address a preexisting injury....
>
> The second category of cases barred by *Rooker-Feldman* are those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding.... 'The federal claim is inextricably intertwined with the state-court judgment when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it....'

*DLX, Inc.*, 381 F.3d 516 (citations omitted).

The *Rooker-Feldman* doctrine bars Plaintiff's Complaint in the instant case because her claims and request for relief fall into the first category of cases to which the *Rooker-Feldman* doctrine applies. Plaintiff's prayer for relief focuses on the harm she suffered as a result of the state judicial decision to give custody of Plaintiff's daughter to another. Although Plaintiff also seeks $20 million in monetary damages, she emphasizes "first and most..." that she is asking for her daughter to be returned to her. (Doc. #2 at 5). And it is clear from Plaintiff's Complaint that this monetary damage was allegedly caused by the decisions of the state courts. If this Court were to grant either form of requested relief to Plaintiff, the resulting Order would have to direct custody of her daughter to Plaintiff as well as monetary damages flowing from the purportedly wrongful custody decision. Such an Order would directly conflict with the state court's custody decision. Consequently, Plaintiff's request for relief in essence asks this Court to engage in an appellate review of the state court's decision for the purpose of determining whether it wrongly decided to grant custody of Plaintiff's daughter to another. Without such a review, this Court could not provide Plaintiff with the relief she mainly seeks. The *Rooker-Feldman* doctrine therefore bars Plaintiff claims for relief. *See Baker v. Wayne County Family Independence Agency*, 75 Fed. Appx. 501, 502-03 (6th Cir. 2003)(*Rooker-Feldman* bars the plaintiff's §1983 claims and a claim under Child Abuse Prevention Act challenging, in part, state-court order concerning parental visitation rights).

Plaintiff's claims against the remaining Defendants are vague and conclusory because the Complaint does not raise allegations concerning any act or omission by the remaining Defendants. The Complaint names twenty-nine individuals as Defendants without describing what these Defendants did or did not do in violation of Plaintiff's federal constitutional rights.

5

Absent more specific allegations that are sufficient to provide fair notice, as required by Fed. R. Civ. P. 8(a), to Defendants of the factual basis of her claims, Plaintiff's Complaint fails to demonstrate a basis for relief under §1983.  *See Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 719 (6th Cir. 1996)("[I]n the context of a civil rights claim, ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under §1983.... Some factual basis for such claims must be set forth in the pleadings.").[2]

To the extent Plaintiff seeks to raise claims under state law, absent a federal claim against Defendants, there exists no jurisdictional basis for Plaintiff's state-law claims.  *See* 28 U.S.C. §1367(c)(3).

Lastly, Plaintiff filed this case in the Eastern Division of the Southern District of Ohio. The case was thereafter transferred to this Court under S.D. Ohio Civ. R. 82.1(b) because Defendants are residents of Greene County, Ohio and no Defendant resides in a County within the Eastern Division of the Southern District of Ohio.  In addition, transfer of this case was warranted because a substantial part of the events in question occurred in Greene County, Ohio, which is within the venue of this Court in the Western Division of the Southern District of Ohio. *See* 28 U.S.C. §115(b)(1).  Although Plaintiff is concerned that this Court cannot be totally fair to her, she has not presented any factual circumstance mandating a recusal of any federal judicial officer sitting in the Western Division of the Southern District of Ohio.  *See* Doc. #4; *see also* 28 U.S.C. §455.

---

[2] This conclusion is reached without imposing a heightened pleading standard on Plaintiff.  "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lillard,* 76 F.3d at 726 (internal punctuation omitted).  By not providing some information about what each Defendant did or failed to do, Plaintiff's Complaint simply fails to provide fair notice of the basis of her claims.

Accordingly, Plaintiff's federal constitutional claims against Defendants should be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) as frivolous or for failure to state a claim upon which relief can be granted, and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367(c)(3).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Liza Fawn Gooch's Complaint be **DISMISSED**; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

May 23, 2006

                s/ Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).